FILED
2017 Jan-17 PM 04:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **KELVIN WELLS,** | ) |
| **PLAINTIFF,** | ) |
| v. | ) **CIVIL ACTION NUMBER:** |
|  | ) **JURY TRIAL DEMANDED** |
| **CREDIT & COLLECTION RECOVERY SERVICES, INC.,** | ) |
| **DEFENDANT.** | ) |

## PLAINTIFF'S COMPLAINT

This is an action brought by the Plaintiff, Kelvin Wells, for statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA").

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendant's principal place of business is in this district, the Defendant transacted business in this district, and the Plaintiff resides in this district.

### PARTIES

1. The Plaintiff, Kelvin Wells, is a resident and citizen of the State of Alabama, Jefferson County, and is over the age of twenty-one (21) years.

2. The Defendant, Credit & Collection Recovery Services, Inc., is a corporation organized under the laws of the State of Alabama and which

was, in all respects and at all times relevant herein, doing business in the State of Alabama. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

1. By correspondence dated March 7, 2016, Defendant arranged for the preparation and transmittal of a letter to Plaintiff demanding payment of a debt allegedly due "Regional Paramedical Servi" which is, upon information and belief, Regional Paramedical Services, a company that operates ambulances. The Defendant was attempting to collect a debt in the amount of $667.16. Of this amount, the letter indicated that $666.50 was "Principal" and $0.66 was "interest." A true and correct copy of said correspondence is attached hereto and incorporated herein as **"Exhibit A."**

2. The alleged and disputed debt of Plaintiff claimed in "Exhibit A" was incurred for personal, family, or household services, and was a "debt" as defined by the FDCPA at 15 U.S.C. §1692a(5).

3. By correspondence dated July 27, 2016, Defendant sent another letter in an attempt to collect the alleged debt. The July 27, 2016 correspondence indicated that the alleged debt had increased to $682.73 comprising of $666.50 and $16.23 as "interest." Enclosed with that correspondence was statement, dated July 27, 2016, purportedly from the creditor, that showed a balance on the account of $666.50. There were no charges for interest on the creditor's statement. A true and correct copy of said correspondence is attached hereto and incorporated herein as **"Exhibit B."**

4. Upon receipt of Exhibit B, Plaintiff, through counsel, wrote a letter dated August 4, 2016 requesting any documents that would indicate that Plaintiff agreed to pay interest on the debt.

5. On August 9, 2016, Defendant sent another collection letter. This letter, however, indicated that the amount Defendant was attempting to collect was $666.50. There were no charges for interest. Enclosed with that correspondence was statement, dated August 9, 2016, purportedly from the creditor, that again showed a balance on the account of $666.50.

There were no charges for interest on the creditor's statement. A true and correct copy of said correspondence is attached hereto and incorporated herein as **"Exhibit C."**

6. As such, in one or more of its collection letters, Defendant misrepresented the actual amount of the debt and/or misrepresented that the debt was accruing interest.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

7. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

8. The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

9. The Defendant violated §1692f(1) by collecting an amount for interest when no such amount was expressly authorized by the agreement creating the debt or permitted by law.

10. The Defendant violated §1692e(2)(A) by misrepresenting the amount of the debt.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands a judgment against the Defendant as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA;

B. Statutory damages of $1,000 from the Defendant for the violations of the FDCPA (15 U.S.C.§1692k);

C. Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C.§1692k;

D. Such other and further relief that this Court deems necessary, just and proper.

                /s/ *W. Whitney Seals*
                Whitney Seals
                Attorney for Plaintiff

**OF COUNSEL:**
Pate & Cochrun, L.L.P.
P.O. Box 10448
Birmingham, AL 35202-0448
(205) 323-3900
(205) 323-3906 (facsimile)
filings@plc-law.com

        **PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

                /s/ *W. Whitney Seals*
                **Attorney for Plaintiff**

**PLAINTIFF REQUESTS THAT DEFENDANT BE SERVED A COPY OF THIS COMPLAINT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

**CREDIT & COLLECTION**
**RECOVERY SERVICES, INC.**
C/O Registered Agent
Kaye Nail
5046 Crestview Lane
Dora, AL 35062